IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MANUEL PEREZ,

    Petitioner,                      No. CIV S-09-2474 KJM CKD P

    vs.

TERRI GONZALEZ[1],                   ORDER &

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

          Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the first amended petition filed on February 22, 2011. Pending before this court is respondent's March 29, 2011 motion to dismiss the petition on the ground that it is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion. Having carefully reviewed the applicable law and facts, the court will recommend that

---

[1] Petitioner has named James Walker as respondent. Respondent requests the submission of Terri Gonzales, the current acting warden at California Men's Colony, where petitioner is housed, as the correct respondent in this matter. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."); Rule 2(a), 28 U.S.C. foll. § 2254); Cal. Code Regs. tit. 15, § 3379(a)(9)(I) (2009) (providing that an inmate transferred to an out-of-state facility remains under the legal custody of the CDCR). Accordingly, the court now substitutes in the correct respondent.

1 respondent's motion be granted.

## BACKGROUND

In 1999, petitioner was convicted in San Bernardino County Superior Court for three counts of lewd acts upon a child. He was sentenced to an indeterminate prison sentence of seventy-five years to life with the possibility of parole. (Dkt. No. 16 (hereinafter "MTD"), Ex. A.)

In October 2005, petitioner was housed at California State Prison-Solano. At a disciplinary hearing held October 11, 2005, he was found guilty by a preponderance of the evidence of the charge of sexual harassment, specifically "mak[ing] several unwanted verbal sexual remarks" to a female correctional officer. (MTD, Ex. B (Rules Violation Report, Log No. S2-05-09-0925).) The conviction was classified as a Division F offense and resulted in petitioner's loss of 30 days' work-time credit. (Id.) Petitioner challenged the disciplinary action pursuant to the administrative grievance process. (Dkt. No. 14 at 23-26[2].) On January 14, 2007, the Inmate Appeals Branch of CSP-Solano informed petitioner that there was no record that his administrative appeal was accepted for Director's Level Review. (MTD, Ex. C.)

On July 13, 2007, petitioner filed a petition for writ of habeas corpus challenging the sexual harassment conviction in the Solano County Superior Court. (MTD, Ex. D.) On September 13, 2007, the superior court denied the petition. (Id.) Petitioner next filed a habeas petition challenging the conviction in the California Court of Appeal, Third Appellate District. The appellate court denied the petition on March 26, 2009. (MTD, Ex. E.) On April 14, 2009, petitioner filed a state habeas petition challenging the conviction in the California Supreme Court. The state's highest court denied the petition on March 13, 2009. (MTD, Ex. F.)

On September 2, 2009, petitioner commenced this action by filing his original petition for federal habeas review. (Dkt. No. 1.) The original petition challenged both the 2005

---

[2] Page references reflect the court's electronic pagination.

disciplinary conviction for sexual harassment and a 2007 disciplinary conviction for possession of alcohol. (Id.; see Dkt. No. 12.) Because the timing of the court's subsequent actions are relevant to the equitable tolling discussion below, they are set forth as follows:

On April 13, 2010, the court issued a screening order stating that petitioner "may be entitled to relief if the claimed violation of constitutional rights is proved" and directing respondent to file a response to the petition within 60 days. (Dkt. No. 5.) Respondent filed a motion to dismiss the petition on June 14, 2010, which addressed both the 2005 and 2007 disciplinary convictions, but did not assert that the petition was defective because it challenged two separate convictions. (Dkt. No. 7.) Petitioner timely filed an opposition. On November 8, 2010, the court ordered respondent to submit an additional document, which respondent promptly filed. (Dkt. Nos. 9, 10.)

On January 20, 2011, the court issued an order dismissing the petition sua sponte because it improperly challenged two separate prison disciplinary convictions in violation of Rule 2(e), Rules Governing Section 2254 Cases; and denying the motion to dismiss as moot. The court granted petitioner thirty days in which to file an amended petition challenging either the 2005 or the 2007 convictions, but not both. (Dkt. No. 12.) On February 22, 2011, petitioner filed the first amended petition (hereinafter "FAP"), which challenges the 2005 disciplinary conviction.

## MOTION TO DISMISS

Respondent argues that the operative FAP was filed beyond the one-year statutory limitations period and is therefore time-barred. Respondent contends that the limitations period for petitioner's disciplinary conviction began to run on January 15, 2007, was tolled during the pendency of petitioner's state habeas proceedings, and began to run again on May 14, 2009. Respondent contends that the AEDPA limitations period continued to run through petitioner's filing of his original federal petition on September 2, 2009 and had long expired by the time the FAP was filed on February 22, 2011. (MTD at 2-4.)

OPPOSITION

Petitioner points out that he timely filed his original federal petition on September 2, 2009. He argues that the court's delay in dismissing the original petition, 505 days after it was filed, was an extraordinary circumstance beyond his control that caused the FAP to be filed beyond the AEDPA deadline.[3] Petitioner asserts that he has complied with court-mandated deadlines and diligently pursued his claim. Therefore, he argues, the period between his filing of the original petition and the FAP should be equitably tolled, and the FAP deemed timely. (Dkt. No. 17 (hereinafter "Opp.") at 2-3.)

STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.

Title 28 U.S.C. § 2244 provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

---

[3] Petitioner also asserts that the court could have "held the petition in stay-and-abeyance as some courts do in mix[ed] petitions." (Id. at 2.) However, that procedure applies to petitions that contain both exhausted and unexhausted claims. Here, the original petition was not dismissed as a "mixed" petition, but because it improperly challenged two separate disciplinary convictions. Thus, the stay-and-abeyance procedure was not applicable.

4

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed by "a person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1), "even if the petition challenges a pertinent administrative decision rather than a state court judgment[.]" Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the statute of limitations begins to run, that is, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Where the petitioner is challenging a prison disciplinary conviction, the statute of limitations begins to run when petitioner's final administrative appeal is denied. Shelby, 391 F.3d at 1066.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In Duncan v. Walker, 533 U.S. 167, 181-182 (2001), the United States Supreme Court held that "an application for federal habeas corpus review is not an 'application for State

5

post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)"; therefore, a pending federal habeas petition does not statutorily toll the AEDPA limitations period. The Duncan majority declined to address the availability of equitable tolling under such circumstances. (Id. at 181.)

## ANALYSIS

I. Commencement of the Running of the Limitations Period

Here, respondent asserts that "the latest date when the factual predicate of the claim was known to [petitioner]" was January 14, 2007, when the Inmate Appeals Branch of CSP-Solano informed petitioner that there was no record that his administrative appeal was accepted for Director's Level Review. (MTD at 2; see id., Ex. C.) Petitioner does not dispute this assessment, and the court agrees that this appears to be the effective date on which "petitioner's final administrative appeal [was] denied." See Shelby, 319 F.3d at 1066. Accordingly, the statutory limitations period began running the next day, on January 15, 2007. It follows that, absent tolling, petitioner's federal habeas petition was due no later than January 16, 2008.

II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

State time limits are conditions to filing which render a petition not properly filed. Pace, supra, 544 U.S. at 417. When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. Id.

\\\\

Here, between January 15, 2007 and June 13, 2007, the limitations period ran for 149 days. Respondent concedes that the limitations period was statutorily tolled between June 13, 2007, when petitioner filed a state habeas petition challenging the 2005 disciplinary conviction in the Solano County Superior Court, and May 13, 2009, when the California Supreme Court denied his last state habeas petition. (MTD at 4.) Thus, the AEDPA clock began running again on May 14, 2009. On September 2, 2009, or 111 days later, petitioner filed his original federal habeas petition. At this point, petitioner was 260 days into the 365-day limitations period. Thus, had this action proceeded on the original petition, it would have been deemed timely.

The first petition was defective, however, as it improperly challenged two separate disciplinary convictions in one habeas action. Nonetheless, on April 14, 2010, the court issued a screening order directing respondent to file an answer to the petition. (Dkt. No. 5.) By the time this order issued, the remainder of the AEDPA limitations period had run. On January 20, 2011, the court dismissed the defective petition and granted petitioner 30 days to file an amended petition, despite the fact that any such petition would be statutorily time-barred. (Dkt. No. 12.) By the time petitioner filed an amended petition on February 22, 2011, the AEDPA limitations period had long expired.

Respondent correctly asserts that the Supreme Court's holding in <u>Duncan</u>, <u>supra</u>, precludes a finding of statutory tolling during the pendency of petitioner's first federal habeas petition.

III. <u>Equitable Tolling</u>

The only real issue here is whether the period between petitioner's filing of his first and second federal petitions is subject to equitable tolling.

In his dissenting opinion in <u>Duncan</u>, <u>supra</u>, Justice Breyer framed the issue as follows:

> Why would a state prisoner ever want federal habeas corpus proceedings to toll the federal habeas corpus limitations period? After all, the very point of tolling is to provide a state prisoner

7

> adequate time to file a federal habeas petition. If the prisoner has already filed that petition, what need is there for further tolling?
>
> The answer to this question-and the problem that gives rise to the issue before us-is that a federal court may be required to dismiss a state prisoner's federal habeas petition, not on the merits, but because that prisoner has not exhausted his state collateral remedies for every claim presented in the federal petition. [Citations.]. Such a dismissal means that a prisoner wishing to pursue the claim must return to state court, pursue his state remedies, and then, if he loses, again file a federal habeas petition in federal court. All this takes time. The statute tolls the 1-year limitations period during the time the prisoner proceeds in the state courts. But unless the statute also tolls the limitations period during the time the defective petition was pending in federal court, the state prisoner may find, when he seeks to return to federal court, that he has run out of time.

Duncan, 155 U.S. at 185 (J. Breyer, dissenting).  The instant case differs from Duncan in that the court dismissed the original petition not for failure to exhaust state claims, but because it improperly challenged two separate disciplinary convictions.  However, as Justice Breyer describes, in the time it took for the court to adjudicate petitioner's defective petition and petitioner to correct the problem, the one-year limitations period ran its course, making the second petition time-barred.

In a widely-cited concurring opinion to Duncan, Justice Stevens addressed this problem as follows:

> [N]either the Court's narrow holding, nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity. The Court's opinion does not address a federal court's ability to toll the limitations period apart from § 2244(d)(2). [Citation.]  Furthermore, a federal court might very well conclude that tolling is appropriate based on the reasonable belief that Congress could not have intended to bar federal habeas review for petitioners who invoke the court's jurisdiction within the 1-year interval prescribed by AEDPA.

(Id. at 182-183, J. Stevens, concurring.)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." Pace, supra, at 418, 125 S. Ct. at 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). Equitable tolling will not be available in most cases because tolling should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288-1289 (9th Cir. 1997). As held in Beeler, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998). Moreover, ignorance of the law does not constitute such extraordinary circumstances. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

Following Duncan, the Ninth Circuit considered whether the AEDPA limitations period "may be equitably tolled during the period between the date of the filing of an entirely unexhausted petition and the date of its dismissal by the district court without prejudice after the statute of limitations has run." Fail v. Hubbard, 315 F.3d 1059, 1060 (9th Cir. 2001.) Similarly here, petitioner filed a defective petition, which the court did not dismiss with leave to amend until the limitations period had run. The Fail court concluded that equitable tolling was not warranted, as in that case petitioner "continu[ed] to press his petition . . . after the district court informed him" of its defect, and thus was himself "the cause of the delay that ultimately made his second petition untimely." (Id. at 1062.) "This is not to say that a petitioner can never demonstrate that district court delay – including delay in dealing with an earlier petition that is ultimately dismissed for failure to exhaust – may constitute an 'extraordinary circumstance' as that determination is "highly fact-dependent." [Citation.]" Id. at 1062.

Subsequently, the Ninth Circuit held that, where the district court erred in dismissing a pro se habeas petition on technical grounds, and the AEDPA deadline passed during

the eight-month period between the erroneous dismissal and a status conference, equitable tolling was warranted. Corjasso v. Ayers, 278 F.3d 874 (9th Cir. 2001). The Ninth Circuit reasoned:

> The district court's incorrect dismissal, combined with its loss of the body of Corjasso's petition, constitutes an "extraordinary circumstance" as contemplated by our equitable tolling cases. [Citations.] The question is whether this 'extraordinary circumstance' and the resulting delay warrants equitable tolling, thus excusing what would otherwise have been an untimely filing of Corjasso's amended petition. Considered alone, the delay between the time the district court received Corjasso's letter and the time of the status conference is not an extraordinary circumstance justifying equitable tolling. See Fail v. Hubbard, 272 F.3d 1133, 1136 (9th Cir.2001) (explaining that such ordinary delays in the judicial system are "routine and not extraordinary"). The delay may have been routine, but the cause of the delay was not. Because the cause was an "extraordinary circumstance," the resulting delay must be considered as part of the equitable tolling period. We therefore hold that the statute of limitations should be equitably tolled beginning December 13, 1996, the date Corjasso attempted to file his first petition in the Eastern District court, through August 28, 1997, the date of the status conference.

(Id. at 878.)

This case presents a close call as to whether equitable tolling applies to some period between petitioner's filing of the original petition and his filing of the second petition. On the one hand, there is no question that petitioner filed a defective original petition under Rule 2(e), Rules Governing Section 2254 Cases; unlike in Corjasso, dismissal of the first petition was the proper outcome based on petitioner's own mistake. On the other hand, the court did not inform petitioner of this defect until it was far too late to do anything about it. By the time the court issued its screening order, any amended petition would have been time-barred under AEDPA. Moreover, even this screening order did not point out the petition's defect but allowed briefing to proceed on a time-consuming and ultimately pointless motion to dismiss, as the court eventually determined that the petition was defective on its face and dismissed it sua sponte. At this time, 505 days after timely filing a federal habeas petition, petitioner was offered the opportunity to submit an amended petition that would, by any measure, by statutorily time-barred at time of filing.

10

The court is sympathetic to the fact that petitioner timely filed a federal habeas petition and was only informed of its defect over a year later, after the AEDPA deadline for any amended petition had passed. However, Corjasso requires a careful determination of what part of the period between the filing of the two petitions can be attributed to "extraordinary circumstances," and what part to "routine [and] ordinary delays in the judicial system." 278 F.3d at 878. Here, petitioner filed a defective petition with roughly three months left to go in the limitations period. The fact that these critical three months elapsed without the court taking action on the petition must be considered a routine and ordinary delay in the judicial process. Even the fact that the court took seven months to issue a screening order was not unusual, given the high volume of cases filed and adjudicated in this district.[4] Thus, nothing that occurred in the first seven months after petitioner filed his defective original petition can be said to constitute an "extraordinary circumstance" under Corjasso.

This being so, equitable tolling cannot render the FAP timely, and the undersigned need not consider whether any court action or inaction after that seven-month period unduly contributed to the delay in petitioner's filing of the FAP. The record demonstrates that petitioner diligently pursued his claims in state and federal court. Under the Duncan line of cases, however, that is not enough to proceed to the merits in these circumstances.

Accordingly, IT IS HEREBY ORDERED THAT the Clerk of Court is to substitute Terri Gonzalez as respondent in the docket of this case.

IT IS HEREBY RECOMMENDED that:

1. Respondent's March 29, 2011 motion to dismiss (Dkt. No. 16) be granted;

2. The first amended petition (Dkt. No 14) be dismissed, and this action be closed.

\\\\

---

[4] "Since 2005, the Eastern District has had the heaviest caseload of any federal court in the United States." Public Information Office, United States Courts for the Ninth Circuit, "Eastern District of California Needs New Judgeships to Stem Docket Overload." (Press release issued March 10, 2010.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 5, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
pere2474.mtd