IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MANUEL PEREZ,

        Petitioner,                    No. CIV S-09-2474 KJM CKD P

    vs.

TERRI GONZALEZ,

        Respondent.            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On September 6, 2011, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Petitioner has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the file, the court declines to adopt the findings and recommendations.

/////

1

1        Petitioner's original petition for a writ of habeas corpus raised challenges to the
2 denial of good time credits as the result of disciplinary proceedings held in 2005 and 2007 at
3 California State Prison-Solano. ECF No. 1. The case was screened and served on respondent,
4 who moved to dismiss on the ground that the claims were not exhausted. ECF Nos. 5, 7. The
5 case was reassigned and on January 20, 2011, the magistrate judge then assigned to the case
6 dismissed the case sua sponte, not based on failure to exhaust, but because the petition
7 challenged two disciplinary proceedings in violation of Rule 2(e) of the Rules Governing Section
8 2254 Cases. The magistrate judge gave petitioner the opportunity to file an amended petition.
9 ECF No. 12.

10        The first amended petition, filed February 22, 2011, challenged only the 2005
11 disciplinary proceeding and the magistrate judge directed respondent to file a response to the
12 amended petition. The case was then reassigned to the current magistrate judge. Respondent
13 filed a motion to dismiss, arguing that the challenge to the 2005 disciplinary proceeding was not
14 timely. In considering the motion to dismiss, the magistrate judge concluded that because the
15 original petition challenged two disciplinary proceedings, it was defective and did not stop the
16 running of the AEDPA statute of limitations. She also determined that petitioner was not
17 entitled to equitable tolling.

18        This court finds to the contrary, that the underlying petition was not defective;
19 because it was not, it was timely filed as was the amended petition. In addition, even if the
20 original petition was defective, the problems with the petition could be and were cured by the
21 later, proper amendment.

22        As noted, the magistrate judge characterized the first petition as "defective"
23 because it "improperly challenged two separate disciplinary actions in one habeas action." ECF
24 No. 20 at 7. Rule 2(e) of the Rules Governing Habeas Proceedings provides that "[a] petitioner
25 who seeks relief from judgments of more than one state court must file a separate petition
26 covering the judgment or judgments of each court." Prison officials issue disciplinary decisions;

prisons are not state courts and good time determinations are not judgments. *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991)[1]; *King v. Cox*, No. 4:08:CV-13671, 2008 WL 4449652, at *1 n.2 (E.D. Mich. Oct. 1, 2008) (decision to deny parole may be joined in challenge to underlying conviction because parole board is not a state court and denial of parole is not a judgment); *see generally Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007) (AEDPA is focused on the judgment which holds the prisoner in confinement).

This court acknowledges that two magistrate judges from this district have relied on Rule 2(e) in ruling that combined challenges of the sort at issue here are inappropriate. In *Melchionne v. Tilton*, No. 1: 08-cv-00116 OWW DLB HC, 2008 WL 608385 (E.D. Cal. Mar. 4, 2008), the petitioner filed a single petition challenging a conviction and a disciplinary finding, which might or might not have stemmed from a single event. The court gave petitioner leave to determine which action he wished to challenge; it noted that "[s]eparate petitions are required because exhaustion, venue, procedural default issues, statute of limitations, mootness concerns and remedies are different for each decision." *Id*. at *2. The second magistrate judge quoted this portion of *Mechionne* in determining that a petitioner could not combine challenges to several parole decisions in one federal habeas petition. *Crane v. McDonald*, No. Civ. S-09-1511 DAD P, 2010 WL 3633616, at *3 (E.D. Cal. Sep. 14, 2010). Neither court explained, however, why the potential management issues arising from a combined petition should allow it to ignore the plain meaning of the habeas rules, limited to state court judgments, particularly in light of the fact that a unitary petition often requires a court to apply exhaustion, timeliness or default analyses differently for different claims. Relying on Rule 2(e), this court concludes that the original petition here was not defective. *See also Rosas v. Nielsen*, 428 F.3d 1229 (9th Cir. 2005), *overruled in part by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010), *overruled sub*

---

[1] The *Story* case construes former Rule 2(d), which was the predecessor to the rule quoted here. The 2004 amendments, which renumbered the rule and made stylistic changes, did not affect the substance of the subdivision. *See* Rule 2, Advisory Committee Notes, 2004 Amendments.

*silentio by Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859 (2011) (per curiam) (deciding petition challenging both parole denial and guilty plea on the merits); *Taylor v. Board of Prison Terms*, 264 Fed. Appx. 646 (9th Cir. Jan. 18, 2008) (deciding petition challenging multiple parole decisions on the merits).[2]

Even if the court considered the original petition to have been defective, the problem with the petition could be cured by amendment. *See Portley-El v. Brill*, 380 Fed. Appx. 744 (10th Cir. May 27, 2010), *cert. denied,* ___ U.S. ___, 131 S. Ct. 838 (upholding district court determination that petitioner should amend his petition challenging convictions from different counties, rather than simply striking portions of the combined petition). Here, the magistrate judge analogized to *Duncan v. Walker*, 533 U.S. 167 (2001), which held that a federal habeas petition did not toll the running of the statute of limitations. In *Duncan*, however, the federal petition was wholly unexhausted and so the court was without jurisdiction to act. The situation presently before the court is more akin to a mixed petition, where the presence of an exhausted claim gives the court jurisdiction over the case, if only to dismiss with leave to amend, striking the unexhausted portions. *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000) (district court erred in dismissing mixed petition without allowing petitioner opportunity to amend by striking unexhausted portions of the petition); *see also Rhines v. Weber*, 544 U.S. 269 (2005) (court may stay a mixed petition to allow exhaustion of state remedies).

Finally, even if the court considers equitable tolling, it concludes that petitioner is entitled to rely on the doctrine given that he was granted leave to amend his petition: "lulling a pro se litigant provides a valid basis for invoking equitable tolling to stop the running of the statute of limitations." *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009); *United States v.*

/////

---

[2] It is true that the propriety of combining various challenges in a single petition was not at issue in these cases, but notes that the Court of Appeal did not even suggest that the practice created any problem.

*Buckles*, 647 F.3d 883, 891 (9th Cir. 2011) (litigant who relied on court clerk's incorrect advice entitled to equitable tolling).

    Accordingly, IT IS HEREBY ORDERED that:

    1. The findings and recommendations filed September 6, 2011, are not adopted;

    2. Respondent's March 29, 2011 motion to dismiss (ECF No 16) is denied; and

    3. The case is referred back to the magistrate judge for further proceedings.

DATED: March 26, 2012.

                  UNITED STATES DISTRICT JUDGE