1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE MANUEL PEREZ,

11              Petitioner,              No. 2:09-cv-2474 KJM CKD P

12        vs.

13   TERI GONZALEZ,

14              Respondent.             FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a California prisoner proceeding pro se with an application for writ of

17   habeas corpus under 28 U.S.C. § 2254.  He challenges a 2005 prisoner disciplinary proceedings

18   finding which resulted in petitioner being found guilty of "sexual harassment."  As a result of

19   that finding, 30 days of petitioner's good conduct sentence credit was revoked.  The operative

20   petition is the first amended petition filed on February 22, 2011.

21            An application for a writ of habeas corpus by a person in custody under a

22   judgment of a state court can be granted only for violations of the Constitution or laws of the

23   United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any

24   claim decided on the merits in state court proceedings unless the state court's adjudication of the

25   claim:

26   \\\\\

1

1        (1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established federal law, as
2        determined by the Supreme Court of the United States; or

3        (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
4        State court proceeding.

5  28 U.S.C. § 2254(d).[1]  It is the habeas petitioner's burden to show he is not precluded from

6  obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

7        The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are

8  different.  As the Supreme Court has explained:

9        A federal habeas court may issue the writ under the "contrary to"
clause if the state court applies a rule different from the governing
10       law set forth in our cases, or if it decides a case differently than we
have done on a set of materially indistinguishable facts.  The court
11       may grant relief under the "unreasonable application" clause if the
state court correctly identifies the governing legal principle from
12       our decisions but unreasonably applies it to the facts of the
particular case.  The focus of the latter inquiry is on whether the
13       state court's application of clearly established federal law is
objectively unreasonable, and we stressed in Williams [v. Taylor,
14       529 U.S. 362 (2000)] that an unreasonable application is different
from an incorrect one.
15

16  Bell v. Cone, 535 U.S. 685, 694 (2002).

17        The court will look to the last reasoned state court decision in determining

18  whether the law applied to a particular claim by the state courts was contrary to the law set forth

19  in the cases of the United States Supreme Court or whether an unreasonable application of such

20  law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

21        A state court does not apply a rule different from the law set forth in Supreme

22  Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to

23  indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

24  /////

25

26       [1]  Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not
grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

1   "[W]hen a federal claim has been presented to a state court and the state court has

2   denied relief, it may be presumed that the state court adjudicated the claim on the merits in the

3   absence of any indication or state-law procedural principles to the contrary." Harrington v.

4   Richter, 131 S. Ct. 770, 784-85 (2011). "The presumption may be overcome when there is

5   reason to think some other explanation for the state court's decision is more likely." Id. at 785.

6   Where the state court fails to give any reasoning whatsoever in support of the

7   denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this

8   court must perform an independent review of the record to ascertain whether the state court

9   decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

10  As long as "'fairminded jurists could disagree' on the correctness of the state court's decision,"

11  habeas relief is precluded. Harrington, 131 S. Ct. 786.

12  On September 8, 2005, a Rules Violation Report (RVR) was issued by Sergeant

13  C. Orrick. First Am. Pet., Ex. B at 1. In the report, Sergeant Orrick charged petitioner with

14  committing a violation of "CCR § 3005(a)" by committing the specific act of "sexual

15  harassment" on September 2, 2005. Section 3005(a) commands, among other things, that

16  "[i]nmates . . . refrain from behavior which might lead to violence and disorder" and behavior

17  which might endanger the prison or another person. Cal. Code Regs., tit. 15, § 3005(a). The

18  offense was classified as "serious" and identified as being under "offense division F." Under

19  Title 15 of the California Code of Regulations § 3315(a)(3)(o) a "[h]arassment of another person,

20  group, or entity either directly or indirectly through the use of the mail or by any other means" is

21  a "serious" offense. Any offense defined as "serious" under § 3315 which is not a crime is a

22  "Division F" offense. Id. at § 3323(h)(10). Commission of a "Division F" offense is subject to

23  forfeiture of up to 30 days good conduct sentence credit. Id. at § 3323(h).

24  In the RVR, Sgt. Orrick asserts that at approximately 7:00 p.m. on September 2,

25  2005, petitioner approached her complaining about "the medication procedure that [petitioner]

26  again violated." Orrick ordered petitioner to return to his housing unit. In response, petitioner

1   became very loud and argumentative repeatedly yelling "You fat fucking bitch!  Fuck you!  You

2   fact fucking bitch!  Suck my dick!"  Petitioner was escorted from the area for being disruptive,

3   disrespectful and sexually harassing female supervisors.  Petitioner admits he used the language

4   described above, but asserts it was in response to profanity used by Sgt. Orrick directed at him.

5   Respondent does not dispute this.

6          The hearing on Sgt. Orrick's RVR occurred on October 11, 2005.  First Am. Pet.,

7   Ex. B at 2.  Petitioner was found guilty of "sexual harassment" primarily because he made

8   "several unwanted verbal sexual remarks" directed toward Sgt. Orrick.

9          With respect to prisoner disciplinary proceedings which result in the loss of good

10   conduct sentence credit, prisoners are entitled to some protection under the Due Process Clause

11   of the Fourteenth Amendment including:  1) advance written notice of the charges; 2) an

12   opportunity, when consistent with institutional safety and correctional goals, to call witnesses

13   and present documentary evidence in their defense; 3) a written statement by the fact-finder of

14   the evidence relied on and the reasons for the disciplinary action; and 4) that the findings of the

15   hearing officer be supported by some evidence in the record.  Superintendent v. Hill, 472 U.S.

16   445, 454 (1985).

17          Petitioner's claim is that his being found guilty of committing "sexual

18   harassment" constitutes a violation of his right to Due Process because sexual harassment is not

19   listed as an offense for which he can be subject to prisoner disciplinary proceedings under the

20   California Code of Regulations.  However, as indicated above, conduct constituting harassment,

21   sexual or otherwise, is a listed offense.  There is some evidence in the record, as required under

22   Superintendent v. Hill, indicating petitioner harassed Sgt. Orrick considering the offensive and

23   intentionally hurtful language he repeatedly directed at her.  The fact that at least some of the

24   language is sexual in nature supports Sgt. Orrick's and the hearing officer's characterization of

25   petitioner's offense, but all that really matters for the court to uphold the finding of guilt is some

26   evidence of harassment.  Petitioner asserts his comments did not amount to a sexual advance

4

1   which would normally be required for there to be "sexual harassment" under the common

2   understanding of the term.  The court does not disagree with petitioner, but that does not mean

3   petitioner could not be assessed 30 days loss of sentence credit for harassing Sgt. Orrick by using

4   sexual terms.

5          Because there is "some evidence" in the record that petitioner harassed Sgt.

6   Orrick, the court must uphold the decision that petitioner committed a "serious," "Division F"

7   offense.  Also, relief is precluded by 28 U.S.C. § 2254(d).  In 2007, petitioner filed a petition for

8   writ of habeas corpus in Solano County Superior Court presenting the same argument he presents

9   here.  Answer, Ex. 2.  That court, the only court to issue a reasoned decision with respect to

10  petitioner's claim, noted that pursuant to <u>Superintendent v. Hill</u>, the findings of a hearing officer

11  presiding over prison disciplinary proceedings must be upheld as long as "some evidence"

12  supports the finding.  <u>Id</u>., Ex. 3.  The court found correctly that there is some evidence to support

13  the finding with respect to disciplinary proceedings at issue in this case.  The court identified the

14  correct standard from <u>Superintendent v. Hill</u>, did not unreasonably apply it and the court's

15  decision to deny petitioner's claim was not based on an unreasonable determination of the facts.

16         In light of the foregoing the court will recommend that petitioner's application for

17  writ of habeas corpus be denied.  Also, the court need not address respondent's argument that

18  petitioner's claims are procedurally defaulted because petitioner failed to exhaust administrative

19  remedies.  The Supreme Court has found a district court may reach the merits of a habeas

20  petitioner's claim where, as here, the merits are "easily resolvable against the petitioner whereas

21  the procedural-bar issue involve[s] complicated issues of state law." <u>Lambrix v. Singletary</u>, 520

22  U.S. 518, 525 (1997); <u>see also</u> <u>Kuhali v. Reno</u>, 266 F.3d 93, 101 (2d. Cir. 2001) ("It is well

23  settled that the doctrine of procedural default is prudential rather than jurisdictional in nature.

24  <u>E.g.</u> <u>Spence v. Superintendent, Great Meadow Corr. Facility</u>, 219 F.3d 162, 170 (2nd. Cir. 2000)

25  ('The doctrine of procedural default is based on considerations of comity and finality, and not on

26  /////

a jurisdictional limitation of the power of a federal court . . . to look beyond a state procedural default and consider the merits of a defaulted claim . . .'")).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated: August 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
pere2474.157